**Walter Steven BROWN; Diane Kay Brown, Appellants,**

v.

**Gary C. ARMSTRONG; Robert E. Miller; Richard W. Sharp; Joann M. Muir; Gary Ludington; Chris Beyerhelm, (Defendants Below)**

**United States of America, Appellee.**

**No. 90–2721.**

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1991.

Decided Nov. 25, 1991.

Marilyn S. Jensen, Osceola, Iowa, argued, for appellants.

Richard L. Richards, Des Moines, Iowa, argued (Gene W. Shephard and Richard L. Richards, on brief), for appellee.

Before ARNOLD and LOKEN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

LOKEN, Circuit Judge.

Plaintiffs Walter S. and Diane K. Brown appeal a district court[1] order substituting the United States as sole defendant in their tort action against six employees of the Farmers Home Administration ("FmHA"), and dismissing the action without prejudice for failure to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680. The Browns argue that the district court erred in denying their post-removal motion to remand and in substituting the United States for the individual defendants, which has the effect of foreclosing their intentional tort claims. We affirm.

## I. Background

The Browns received FmHA assistance throughout the 1980s in financing their farm operations. In 1985, FmHA helped the Browns refinance an outstanding bank loan. In 1989, the agency notified the Browns it was accelerating their loan. Without filing an administrative claim with the Department of Agriculture, the Browns commenced this action, pro se, in Iowa state court against FmHA employees Gary C. Armstrong, Robert E. Miller, Richard W. Sharp, JoAnn Muir, Gary Ludington, and Chris Beyerhelm.

The complaint alleges that it is "brought in the alternative and/or in the event the Defendants ... were acting outside the scope of their office and employment ... in undertaking such actions or inactions." The "actions or inactions" alleged include improper documentation of the Browns' FmHA file, broken promises to lend money and to resolve disputes, inducing the Browns to overextend themselves, lying throughout the FmHA appeals process, attempting to put the Browns out of the farming business, and misrepresenting the value of farmland the Browns purchased from another FmHA borrower. The seven enumerated causes of action sound in tort.

The United States Attorney for the Southern District of Iowa appeared on behalf of the individual defendants and removed the case to federal court. After the Browns' motion to remand was denied, the U.S. Attorney certified that "the individual defendants ... were acting within the scope of their employment as employees of the United States of America at the time of the incidents [alleged in the complaint]," [2] and moved to substitute the United States as defendant, pursuant to § 2679(d)(1), and to dismiss the complaint for failure to exhaust FTCA remedies, as required by § 2675(a).

The district court granted the government's motion and denied the Browns' motion to strike the certification. The court then dismissed the complaint with prejudice against the individual employee defendants[3] and dismissed the complaint against the United States without prejudice. The Browns appealed and obtained the pro bono services of appellate counsel, who focuses our attention upon the issues addressed below.

## II. Removal

The Browns argue that the district court erred in denying their motion to remand for two reasons. First, noting that they filed for voluntary bankruptcy shortly after commencing this action, the Browns contend that removal violated the Bankruptcy Code's automatic stay of "the commencement or continuation ... of a judicial ... proceeding *against the debtor*." 11 U.S.C. § 362(a)(1) (1988) (emphasis added). However, as the plain language of the statute suggests, and as no less than six circuits have concluded, the Code's automatic stay does not apply to judicial proceedings,

---

1. The HONORABLE CHARLES R. WOLLE, United States District Court Judge for the Southern District of Iowa.

2. The certificate was made pursuant to § 2679(d) of the FTCA, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Liability Reform Act").

3. Except defendant Jo Ann Muir, who had not been served and therefore was dismissed without prejudice under Fed.R.Civ.Proc. 4(j). The Browns' claim that the district court erred in allowing the U.S. Attorney to appear specially on behalf of Muir to contest personal jurisdiction is without merit. *See* § 2679(c).

such as this suit, that were initiated by the debtor. *See Merchants & Farmers Bank v. Hill,* 122 B.R. 539, 541 (E.D.Ark.1990), and cases cited. As the court said in *Martin–Trigona v. Champion Fed. Sav. & Loan Ass'n,* 892 F.2d 575, 577 (7th Cir. 1989):

> The fundamental purpose of bankruptcy ... is to prevent creditors from stealing a march on each other ... and the automatic stay is essential to accomplishing this purpose. There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights.

■ Second, the Browns argue that the petition for removal was ineffective because it was made prior to the U.S. Attorney's certification as to scope of employment. Had the government purported to remove under § 2679(d)(2) of the FTCA, this argument might have merit. However, the removal petition was expressly based upon 28 U.S.C. § 1442(a)(1), which generally permits removal of an action against "[a]ny officer of the United States ... for any act under color of such office." *See Mesa v. California,* 489 U.S. 121, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989). Removal under § 1442(a)(1) does not require a § 2679(d) certification. Therefore, the Browns' motion to remand was properly denied.

### III. Substitution

The Browns concede that, if their suit is properly against the United States, it must be dismissed without prejudice for failure to exhaust agency remedies. However, if the United States was improperly substituted for the FmHA employees, as the Browns contend, they would have a right to pursue their claims against the individual defendants free of the FTCA's exhaustion requirement. We conclude that the district court properly substituted the United States as sole defendant.

■ The district court's substitution order was based upon the Liability Reform Act, which was intended to restore[4] full tort immunity to all federal employees acting within the scope of their employment. The immunity is conferred by § 2679(b):

> "The remedy against the United States ... for injury ... from the negligent or wrongful act of any employee of the Government while acting within the scope of his office or employment is exclusive...."

The immunity is triggered when the Attorney General or his designate (here, the U.S. Attorney) certifies that federal employees have been sued for conduct within the scope of their employment. "Upon certification ... the United States shall be substituted as the party defendant," § 2679(d)(1).

In this case, it is undisputed that the U.S. Attorney made a timely, facially proper certification. However, the Browns claim that the certification was false—that their complaint challenges conduct outside the scope of the individual defendants' FmHA employ. Indeed, their suit was expressly pleaded in the "alternative," covering *only* conduct by the individual defendants that in fact was outside the scope of their federal employ. In any event, argue the Browns, they were improperly deprived of their right to litigate the scope-of-employment issue because the district court treated the U.S. Attorney's certification as conclusive when it substituted the United States as defendant.

■ This last question, whether the Attorney General's certification is conclusive, is one of first impression for this court, but has produced conflicting decisions in other circuits. Most of the earlier cases, including two circuit decisions, held that the Attorney General's certification was non-reviewable, so that "upon certification" a district court *must* permit removal (if the suit began in state court) and *must* substitute

---

**4.** The Liability Reform Act amended the FTCA in response to *Westfall v. Erwin,* 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), which Congress read as inappropriately limiting the immunity of federal employees. *See* H.R.Rep. No. 100–700, 100th Cong., 2d Sess., *reprinted in*

1988 U.S.Code Cong. & Admin.News 5945. The federal employee's absolute immunity under the Liability Reform Act parallels the law in this circuit prior to *Westfall. See Poolman v. Nelson,* 802 F.2d 304, 308 (8th Cir.1986).

the United States as defendant. *See, e.g.,* *Mitchell v. Carlson,* 896 F.2d 128 (5th Cir. 1990); *Aviles v. Lutz,* 887 F.2d 1046 (10th Cir.1989); *Egan v. United States,* 732 F.Supp. 1248 (E.D.N.Y.1990).

Though this interpretation comports with the plain language of § 2679(d)(1) ("Upon certification … the United States shall be substituted"), more recent decisions, reflecting a change of position by the Department of Justice, have held that while the certification is conclusive for removal purposes, the district court retains authority to determine the scope-of-employment issue before substituting the United States as defendant. *See Meridian Intern. Logistics, Inc. v. United States,* 939 F.2d 740 (9th Cir.1991); *Hamrick v. Franklin,* 931 F.2d 1209 (7th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 200, 116 L.Ed.2d 159 (1991); *S.J. & W. Ranch v. Lehtinen,* 913 F.2d 1538 (11th Cir.1990), *cert. denied,* — U.S. ——, 112 S.Ct. 62, 116 L.Ed.2d 37 (1991); *Melo v. Hafer,* 912 F.2d 628 (3d Cir.1990), *aff'd on other grounds,* — U.S. ——, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); *Nasuti v. Scannell,* 906 F.2d 802 (1st Cir.1990); *Arbour v. Jenkins,* 903 F.2d 416 (6th Cir. 1990).

■ Reflecting the new Department of Justice position, the government conceded at oral argument in this case that its scope-of-employment certification is judicially reviewable on the question of substitution. We accept the government's concession. Although this issue of statutory construction is not free of doubt,[5] we agree that the certification should be reviewable on the question of substitution. Congress has broad power to define the extent of sovereign immunity, but "official immunity comes at a great cost" to those injured by the wrongful conduct of federal officials. *Westfall,* 484 U.S. at 295, 108 S.Ct. at 583. Substitution of the United States as defendant will frequently end the plaintiff's case, either because FTCA administrative remedies have not been exhausted, or because, under § 2680, some or all of plaintiff's claims are simply not actionable against the United States. *See* Part IV *infra.* The same concerns do not exist with automatic removal, which changes only the forum and not the substance of the case. Thus, we hold that the district court was required to conduct at least limited judicial review of the Attorney General's scope-of-employment certification before substituting the United States as defendant.[6]

■ Concluding that judicial review is appropriate raises subsidiary but highly significant issues that for the most part have not been addressed in prior cases, such as when the scope-of-employment determination should be made (before or at trial); who should make it (court or jury); and whether any deference should be paid to the Attorney General's certification. The Browns argue that they have a right to the jury trial of this issue they would have in state court. We disagree. The purpose of the Liability Reform Act was to protect federal employees from the uncertain and intimidating task of defending suits that challenge conduct within the scope of their employ. Congress intended that the § 2679(d) certification procedure "return Federal employees to the status they held prior to the *Westfall* decision," when questions of official immunity "were resolved through a summary judgment or dismissal early in the case." *See* H.R.Rep. No. 100–

---

5. Despite the seemingly explicit directive, "Upon certification … the United States shall be substituted," most courts have concluded that the language of the Liability Reform Act on balance suggests that Congress did not intend the Attorney General's certification be conclusive on the question of substitution. Section 2679(d)(2), dealing with the effect of certification on removal, concludes:

This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

Section 2679(d)(1), dealing with the effect of certification on substitution, has no comparable language.

6. *Moreno v. Small Business Admin.,* 877 F.2d 715, 717 (1989), in which we remanded a case for reconsideration under the newly enacted Liability Reform Act, stated that the United States "must be substituted" after certification, without considering this question of statutory construction. Given the Department of Justice's later change of position, we do not consider this dictum in *Moreno* controlling.

700, 1988 U.S.Code Cong. & Admin.News at 5946–47. Therefore, challenges to the Attorney General's certification must be resolved before trial, as soon after the motion for substitution as practicable, even if an evidentiary hearing is needed to resolve relevant fact disputes.[7]

■ When the government moves for substitution, the Attorney General's certification, although subject to judicial review, is prima facie evidence that the employee's challenged conduct was within the scope of employ. Therefore, "the burden of altering that status quo" is on the plaintiff, who must come forward with specific facts rebutting the government's scope-of-employment certification. *See Lehtinen,* 913 F.2d at 1543. If the issue is contested, plaintiff bears the burden of proving that the employee was not acting within the scope of employ, consistent with the purpose of § 2679(d) and with the general scheme of the FTCA, in which plaintiff bears the burden of proof on this issue. *See In re Texas City Disaster Litigation,* 197 F.2d 771 (5th Cir.1952) (en banc), *aff'd sub nom., Dalehite v. United States,* 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); 2A West's Federal Practice Manual § 1996 (1977).

■ In this case, when the government filed its certification and moved to substitute, the Browns had the burden of coming forward with specific evidence in rebuttal. Instead, the record on appeal reflects that they relied on their complaint. On its face, the complaint pleads conduct within the scope of the individual defendants' employ, plus conclusory allegations of bad or personal motive that are insufficient to take that conduct outside the scope of employ

under Iowa law. *See Sandman v. Hagan,* 154 N.W.2d 113, 118 (Iowa 1967) (substantial deviation from employer's business or interest must be shown). Therefore, on this record, the district court's explicit finding that the complaint challenges "actions taken within the scope of their employment" must be upheld.[8]

Having concluded that the Browns failed to rebut the U.S. Attorney's scope-of-employment certification,[9] we must affirm the district court's decision to substitute the United States and to dismiss the complaint without prejudice under § 2675(a).

## IV. The Intentional Tort Claims

■ Finally, the Browns argue that the intentional torts alleged in their complaint were outside the purview of the FTCA and therefore must be remanded to state court, presumably pursuant to 28 U.S.C. § 1441(c). It is true that the FTCA does not "apply to" many categories of claims, including at least some of the intentional torts alleged in the Browns' complaint. *See* § 2680(h). It is also true that claims excluded from the FTCA cannot be asserted against the United States at all, because of its sovereign immunity. The Browns conclude from this that they must be free to pursue those claims against the individual FmHA employee defendants in state court, alleging, without relevant authority, that Congress has no constitutional power to extinguish such claims entirely.

This argument was foreclosed by the Supreme Court's recent decision in *United States v. Smith,* —— U.S. ——, 111 S.Ct. 1180, 1184–1185, 113 L.Ed.2d 134 (1991),

---

7. Under the FTCA, the law of the place of the alleged tort governs the scope-of-employment question. *See Williams v. United States,* 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955).

8. The Browns argue that substitution must be denied because their complaint was pleaded, "in the alternative," as only encompassing conduct that was outside the scope of employ. However, they present no evidence that there was any such conduct. It would obviously defeat the purpose of the Liability Reform Act if federal employees could be subjected to the expense

and harassment of theoretical "alternative" suits based only upon such a pleading.

9. The district court properly denied the Browns' request to depose the certifying U.S. Attorney because they had presented no evidence that the FmHA employees acted outside the scope of their employ. Thus, we need not address in this case the potentially difficult issues of whether the certification is entitled to deference when the plaintiff does come forward with contrary evidence and, if so, whether plaintiff must be permitted to probe the basis for the certification in discovery.

which held that, after substitution of the United States as defendant under § 2679, the federal employee's immunity extends to claims that may not be asserted against the government by reason of § 2680. In other words, because the FTCA is an exclusive remedy for torts committed by federal employees acting within the scope of their employment, if recovery is not available against the United States under § 2680, it is not available at all.

For the foregoing reasons, the judgment of the district court is affirmed.