**Marlou Dale DAVIS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 91–1877C(5).**

United States District Court, E.D. Missouri, E.D.

May 29, 1992.

William Haller, Ellisville, Mo., Lucy M. Davis, St. Louis, Mo., for plaintiff.

Henry J. Fredericks, Asst. U.S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

LIMBAUGH, District Judge.

Plaintiff originally filed suit against General American Life Insurance Co. alleging that it "committed libel and slander in order to cause it to be believed that Plaintiff had violated the Medicare Act and committed mail fraud." On October 18, 1991 the defendant filed a petition to substitute the United States of America as the defendant in this cause of action. The substitution was requested pursuant to the Liability Reform Act, 28 U.S.C. § 2679 *et. seq.* because defendant General American Life Ins. Co. was at all pertinent times acting as the agent for the United States Department of Health and Human Services. Attached to the request for substitution was the required certificate of the Attorney General of the United States attesting to the fact that at all times mentioned in plaintiff's complaint, defendant General American was acting within the scope of its office and employment at the time of the incidents out of which the claims allegedly arose. 28 U.S.C. § 2679(d)(1).

Plaintiff never responded to the request for substitution or challenged the certificate. On January 21, 1992 this Court granted the request to substitute the United States as defendant in this case.

On February 11, 1992 the defendant United States filed a motion to dismiss for lack of subject jurisdiction or in the alternative, for summary judgment. Plaintiff did not respond to the defendant's motion within the required time-period. On April 30, 1992 the Court ordered the plaintiffs to respond to the United States' motion or risk dismissal of their action. On May 13, 1992 plaintiff filed a response to the motion to dismiss or in the alternative, for summary judgment.

Since the United States has requested the Court to consider materials outside the pleadings, and the Court has done this in considering the matter, defendant's motion will be treated as one for summary judgment. Rule 12(b) Fed.R.Civ.P.

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Coop. Inc.*, 838 F.2d 268, 273 (8th Cir.1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Bue-chler*, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to an examination of the facts.

Plaintiff is a licensed and practicing physician in metropolitan St. Louis. General American Life Insurance Co. is an insurance carrier representative for Medicare.

Plaintiff avers that in 1986, 1987, 1988, 1989, 1990, and 1991 General American Life personnel, in the presence of "many persons" verbally and caused to be published false, defamatory, and slanderous statements about the plaintiff with the intent to have people believe that plaintiff had violated the Medicare Act and had committed mail fraud. Plaintiff contends that General American Life's actions have ruined his reputation and destroyed his medical practice.

Once the United States was substituted as defendant, this action became an action under the Federal Torts Claim Act (FTCA), 28 U.S.C. § 2671 *et. seq.* pursuant to the Liability Reform Act. The Liability Reform Act confers absolute immunity for Government employees by making an FTCA action against the United States the exclusive remedy for torts committed by Government employees in the scope of their employment. 28 U.S.C. § 2679(b)(1); *United States v. Smith*, —— U.S. ——, 111 S.Ct. 1180, 1184, 113 L.Ed.2d 134 (1991).

The United States is subject to suit only if it waives its sovereign immunity. The FTCA provides such a waiver, however it is a limited waiver. Certain torts are specifically exempted from the waiver of sovereign immunity. One of these exemptions is slander and libel, ie. defamation claims. The United States is immune from liability for defamation claims under the FTCA. 28 U.S.C. § 2680(h); *Nadler v. Mann*, 731 F.Supp. 493, 497–98 (S.D.Fla.1990). If recovery against the United States is unavailable under § 2680, then it is not available at all. *United States v. Smith*, 111 S.Ct. at 1184–

85; *Forrest City Machine Works v. United States of America,* 953 F.2d 1086, 1087 (8th Cir.1992); *Brown v. Armstrong,* 949 F.2d 1007, 1013 (8th Cir.1991). Furthermore, the Liability Reform Act immunizes government employees from suit even when an FTCA exception precludes recovery against the Government. *United States v. Smith, supra.*

Plaintiff totally ignores the issues and arguments raised in the United States' motion and only offers in rebuttal a Michigan district court case that predates the Liability Reform Act and the *Smith* decision.

The Court finds that pursuant to the Federal Torts Claim Act and the Liability Reform Act, plaintiff cannot proceed with his lawsuit against the United States (or General American Life Ins.). Since this Court lacks subject matter jurisdiction on this fact alone, there is no need to address the jurisdictional procedural defect of failure to file an administrative claim.

Plaintiff has failed to set forth any affirmative evidence to show that a genuine dispute as to any material fact exists, therefore the Court finds that the United States is entitled to judgment as a matter of law.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss or in the alternative, for summary judgment be and is GRANTED. Summary judgment is entered for the defendant United States and against plaintiff on the merits of plaintiff's complaint. This cause of action is hereby DISMISSED.