**Evelyn McADAMS, Plaintiff,**

v.

**Janet RENO, United States Attorney General in her official capacity and as agency head; and United States of America, Defendants.**

**No. 3–92 CIV 514.**

United States District Court,
D. Minnesota,
Third Division.

Nov. 1, 1994.

---

Stephen W. Cooper, Patrick M. Hughes, Cooper Law Office, Minneapolis, MN, for plaintiff.

Patricia R. Cangemi, Lonnie F. Bryan, U.S. Atty. Office, Minneapolis, MN, for defendants.

### ORDER

ALSOP, Senior District Judge.

On June 30, 1992, Plaintiff filed this lawsuit alleging discrimination on the basis of sex (Count I) and defamation (Count II). By Order dated July 19, 1994,[1] the Court granted defendant's motion to dismiss Count I of McAdams's complaint and ordered Plaintiff to show cause why Count II of her complaint should not also be dismissed. The parties have now filed materials responsive to the order to show cause.

## I. BACKGROUND [2]

McAdams alleges in Count II of her complaint that Brian Ross, an investigator with the Justice Department, Office of Internal Affairs, and Leo Vanwey, a Bureau of Prisons' employee at the Federal Medical Center in Rochester, Minnesota, made defamatory statements about her in the context of the investigation that led to her suspension. Initially, McAdams named Ross and Vanwey as individual defendants and specifically alleged "[m]any of the statements of Defendants Vanwey and Ross were outside the work site and work hours, and were outside the scope of their duties."

Shortly after McAdams filed her complaint, and before any of the defendants filed an answer, the Court received a motion for substitution from the government, together with a "Certification" from the United States District Attorney for the District of Minnesota. In this certification, the United States Attorney stated he had read McAdams's complaint and was "of the opinion that the

---

1. Published at 858 F.Supp. 945 (D.Minn.1994).

2. The facts of this case are discussed extensively in *McAdams v. Reno,* 858 F.Supp. 945 (D.Minn. 1994).

defendants, Brian Ross and Leo Vanwey, were acting within the scope of their employment as employees of the United States at the time of the alleged incidents." The motion for substitution accordingly requested that, pursuant to 28 U.S.C. § 2679(b), the United States be substituted for the individual defendants. McAdams's counsel was served with the motion and the certification, but did not respond. On September 16, 1992, this Court, without a hearing, issued an order substituting the United States for the individual defendants, amending the title of this action accordingly, and dismissing the action against the individual defendants with prejudice.

The government then brought a motion to dismiss or for summary judgment alleging the defamation claim was barred under the Federal Tort Claims Act ("FTCA")[3] because the United States has not waived its sovereign immunity for claims arising out of libel or slander.[4] *See* 28 U.S.C. § 2680(h). Although McAdams conceded her defamation claim failed if analyzed under the FTCA, *see* 858 F.Supp. at 952, McAdams argued the certification did not conclusively establish the individual defendants were acting within the scope of their employment. In addition, McAdams argued the district court is required to conduct a limited review of the Attorney General's certification. *See, e.g., Brown v. Armstrong,* 949 F.2d 1007, 1011 (8th Cir. 1991). This Court found it had not undertaken the limited judicial review required by *Brown* before it granted the motion for substitution, and ordered the plaintiff to present evidence and written arguments supporting her challenge to the government's certification. *See McAdams,* 858 F.Supp. at 754.

The government now argues substitution was proper under 28 U.S.C. § 2679. Thus, because the United States has not waived its sovereign immunity for defamation actions, McAdams's claim is barred by the FTCA and must be dismissed. In response, McAdams contends Ross and Vanwey acted outside the scope of their employment when they made the allegedly defamatory statements. Therefore, substitution of the United States is improper and the claim does not fall within the perimeters of the FTCA.

## II. ANALYSIS

■ In *Brown v. Armstrong,* the Eighth Circuit held a "district court [is] required to conduct at least limited judicial review of the Attorney General's scope-of-employment certification before substituting the United States as defendant." 949 F.2d at 1011. Both parties agree Minnesota law applies under the FTCA. *See, e.g., Forrest City Mach. Works, Inc. v. United States,* 953 F.2d 1086, 1088 n. 5 (8th Cir.1992). Because the government's certification "is prima facie evidence that the employee's challenged conduct was within the scope of employ," *Brown,* 949 F.2d at 1012, McAdams "must come forward with specific facts rebutting the government's scope-of-employment certification." *Id.*

■ Minnesota courts distinguish between negligence and intentional torts when determining whether an employee has acted within the scope of employment. *See Marston v. Minneapolis Clinic of Psychiatry,* 329 N.W.2d 306, 310 (Minn.1982). When deciding whether intentional acts by employees are within the scope of employment, it is irrelevant whether the employee was motivated by a desire to serve the employer. *Id.* Instead, an employee acts within the scope of his employment when "he is performing services for which he has been employed or while he is doing anything which is reasonably incidental to his employment." *Id.* at 309 (citing Minnesota JIG II 252). Thus, McAdams must prove the actions taken by Ross and Vanwey were not reasonably related to their employment.

■ The Court finds Ross and Vanwey were acting within the scope of their employment when the allegedly defamatory remarks were made. As investigators with the Bureau of Prisons, their jobs required them to investigate allegations that McAdams was having inappropriate relationships with inmates. All of the allegedly defamatory state-

---

**3.** Codified at 28 U.S.C. §§ 2671–80.

**4.** The government also argued McAdams failed to exhaust her FTCA administrative remedies.

ments, with one exception, took place within the place of employment and were related, at least incidentally, to the investigation. Although McAdams cites one limited circumstance where Vanwey allegedly made a defamatory statement to Dee Slavin outside of the Federal Medical Center during a haircut,[5] the fact the statement was made outside the place of employment is not dispositive. Slavin is a Bureau of Prisons' employee who also worked as a hair-stylist. Nothing in the plaintiff's evidence suggests Vanwey's conversation with Slavin was not reasonably related or incidental to his investigation into McAdams's conduct.

The Court concludes the substitution of the United States as defendant in this action was proper because Ross and Vanwey were acting within the scope of their employment when all of the allegedly defamatory statements were made. The United States has not waived its sovereign immunity for defamation claims under the FTCA, *see* 28 U.S.C. § 2680(h), therefore McAdams's defamation claim must be dismissed.[6]

Accordingly, upon review of the files, motions, and proceeding herein,

**IT IS HEREBY ORDERED** That the United States motion to dismiss Count II of the plaintiff's complaint is GRANTED.

**IT IS FURTHER ORDERED** That the clerk of court shall enter judgment as follows:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff's claims against the United States of America and Attorney General Janet Reno are dismissed in their entirety with prejudice.

---

**5.** Vanwey, however, claims the alleged conversation did not take place.

**6.** As discussed earlier, Plaintiff concedes this is the correct outcome if the claim is analyzed under the FTCA. *See McAdams*, 858 F.Supp. at 952.