United States Court of Appeals,

Fifth Circuit.

No. 92-8490.

Robert GARCIA, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

Aug. 25, 1995.

Appeal from the United States District Court for the Western District of Texas.

Before POLITZ, Chief Judge, WISDOM, KING, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, DUHÉ, WIENER, BARKSDALE, EMILIO M. GARZA, DeMOSS, BENAVIDES, STEWART and PARKER, Circuit Judges.

PER CURIAM:

We sit *en banc* in this case to resolve two questions. First, we consider whether a certification by the Attorney General under the Westfall Act[1] that a federal employee was acting within the scope of his employment at the time of an allegedly tortious act is subject to judicial review. Second, we must determine whether the source for the standard to determine scope of employment is state or federal law.

I.

The plaintiff/appellant, Robert Garcia, brought this tort action because of injuries he sustained when his car was struck by a car driven by an employee of the Environmental Protection Agency (EPA). The plaintiff filed this case in Texas state court and also

_____

[1] 28 U.S.C. sections 2671-2680. The proper name of the act is the Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub.L. 100-694, 102 Stat. 4563.

1

filed an administrative tort claim with the EPA. The U.S. Attorney certified that the EPA employee was acting within the scope of his employment. As a result, the United States, the appellee in this action, was substituted for the federal employee as a party defendant pursuant to the Westfall Act. The United States then removed the case to federal district court. The district court, after deciding that the scope of employment certification was reviewable, agreed with the Attorney General's contention that the EPA employee was acting within the scope of his federal employment.[2] The district court used federal law in making this determination. Further, the district court dismissed the action in response to a motion by the United States that the plaintiff had failed to exhaust his administrative remedies. On appeal, this Court, bound by an earlier decision, held that the scope of employment certification was not reviewable.[3]

## II.

We decided to revisit our decision that the Westfall Act removes the opportunity for judicial review of the scope of employment issue with a rehearing *en banc*.[4] Since then, this issue

---

[2]*Garcia v. United States,* 799 F.Supp. 674 (W.D.Tex.1992).

[3]*Garcia v. United States,* 22 F.3d 609 (5th Cir.1994), which held that, based on Fifth Circuit precedent, the certification was not subject to judicial review but recommended an *en banc* rehearing on the issue.

[4]Other circuit courts have also struggled with this issue. Almost all the circuit courts that had addressed the issue held that certification of scope of employment under the Westfall Act was reviewable. *Nasuti v. Scannell,* 906 F.2d 802, 812-813 (1st Cir.1990); *McHugh v. University of Vermont,* 966 F.2d 67, 71-72 (2d Cir.1992); *Melo v. Hafer,* 912 F.2d 628, 640-42 (3d

2

has been reviewed by the United States Supreme Court in the recent case, *Gutierrez de Martinez v. Lamagno.*[5] In *Gutierrez,* the Supreme Court held that "the Attorney General's certification that a federal employee was acting within the scope of his employment ... does not conclusively establish as correct the substitution of the United States as a defendant in place of the employee".[6] The Supreme Court made this decision in "accord[ ] with traditional understandings and basic principles: that executive determinations generally are subject to judicial review and that mechanical judgments are not the kind federal courts are set up to render".[7]

In the light of the Supreme Court's recent decision, we hold that certification of scope of employment under the Westfall Act is subject to judicial review. Furthermore, we hold, in accordance with Supreme Court precedent, that whether a particular federal employee was or was not acting within the scope of his employment

---

Cir.1990), *affirmed,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); *Arbour v. Jenkins,* 903 F.2d 416, 421 (6th Cir.1990); *Hamrick v. Franklin,* 931 F.2d 1209, 1210-11 (7th Cir.), *cert. denied,* 502 U.S. 869, 112 S.Ct. 200, 116 L.Ed.2d 159 (1991); *Brown v. Armstrong,* 949 F.2d 1007, 1010-11 (8th Cir.1991); *Meridian v. International Logistics, Inc. v. United States,* 939 F.2d 740, 743-45 (9th Cir.1991); *S.J. & W. Ranch, Inc. v. Lehtinen,* 913 F.2d 1538, 1540-41 (11th Cir.1990), *modified,* 924 F.2d 1555 (11th Cir.), *cert. denied,* 502 U.S. 813, 112 S.Ct. 62, 116 L.Ed.2d 37 (1991). *But see, Johnson v. Carter,* 983 F.2d 1316, 1320 (4th Cir.) (en banc), *cert. denied,* --- U.S. ----, 114 S.Ct. 57, 126 L.Ed.2d 27 (1993). Thus, when the Supreme Court accepted certiorari in the *Gutierrez* case, a circuit split existed.

[5]--- U.S. ----, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995).

[6]*Id.* at ----, 115 S.Ct. at 2236.

[7]*Id.*

3

is controlled by the law of the state in which the negligent or wrongful conduct occurred.[8]

Therefore, the panel opinion having been vacated by our granting *en banc* rehearing, we REVERSE the district court's decision that federal law governs the scope of employment question, AFFIRM the district court's decision that the scope of employment question is subject to judicial review, and REMAND the case to the panel.

EMILIO M. GARZA, Circuit Judge, concurring specially:

I concur in the per curiam, but write separately to point out that lurking behind *Lamagno* is a contentious question of jurisdiction which the Supreme Court specifically did not decide, but which, in my opinion, is integral to the issues before us. *See Gutierrez de Martinez v. Lamagno,* --- U.S. ----, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995).[1] Because Justice O'Connor did not concur

---

[8]*Williams v. United States,* 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955). For an application of this rule, see e.g. *Nelson v. United States,* 838 F.2d 1280, 1282 (D.C.Cir.1988); *Nasuti v. Scannell,* 906 F.2d 802, 805 n. 3 (1st Cir.1990); *Cronin v. Hertz Corp.,* 818 F.2d 1064, 1065 (2d Cir.1987); *Aliota v. Graham,* 984 F.2d 1350, 1358 (3d Cir.), *cert. denied,* --- U.S. ----, 114 S.Ct. 68, 126 L.Ed.2d 37 (1993); *Flechsig v. United States,* 991 F.2d 300, 302 (6th Cir.1993); *Forrest City Mach. Works, Inc. v. United States,* 953 F.2d 1086, 1088 n. 5 (8th Cir.1992); *Washington v. United States,* 868 F.2d 332, 334 (9th Cir.), *cert. denied,* 493 U.S. 992, 110 S.Ct. 539, 107 L.Ed.2d 536 (1989); *Pattno v. United States,* 311 F.2d 604, 607 (10th Cir.1962), *cert. denied,* 373 U.S. 911, 83 S.Ct. 1300, 10 L.Ed.2d 412 (1963); *S.J. & W. Ranch, Inc. v. Lehtinen,* 913 F.2d 1538, 1542 (11th Cir.1990), *amended,* 924 F.2d 1555 (11th Cir.), *cert. denied,* 502 U.S. 813, 112 S.Ct. 62, 116 L.Ed.2d 37 (1991).

[1]Eight justices in *Lamagno* also thought it an integral consideration in deciding congressional intent. *See id.* at ----- ----, 115 S.Ct. at 2236-37 (Ginsburg, J., plurality opinion; *id.* ----, 115 S.Ct. at 2239-40 (Souter, J., dissenting); *but see*

4

in either Part IV of the plurality opinion in *Lamagno* or in the dissent,[2] a panel, and perhaps later the en banc court, may have to predict whether there is pendent jurisdiction,[3] as Justice Ginsburg suggests, *see id.* at ----, 115 S.Ct. at 2237, or whether there is no subject matter jurisdiction as Justice Souter would hold, *see id.* at ---- - ----, 115 S.Ct. at 2239-40 (Souter, J., dissenting).

This issue, however, presupposes a holding that Agent Langlois was not within the scope of his employment with the EPA when the accident here took place and further presupposes no diversity jurisdiction—issues not presently before this en banc Court. To that extent, therefore, the issue of jurisdiction is premature. Neither this Court's per curiam, as I read it—nor I, by this concurrence—predetermine the issue of jurisdiction.

---

*id.* at ----, 115 S.Ct. at 2236 ("The parties' diverse citizenship gave petitioners an entirely secure basis for filing in federal court.").

[2]*See id.* at ---- - ----, 115 S.Ct. at 2237-38 (O'Connor, J., concurring in part and concurring in the judgment) ("That discussion [Part IV] all but conclusively resolves a difficult question of federal jurisdiction that, as the Court notes, is not presented in this case....").

[3]*See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).