No. 95-2633

Linda Kendall Anthony and          *
Isaiah B. Anthony, Jr.,            *
                                   *
        Appellants,                *
                                   * Appeal from the United States
        v.                         * District Court for the
                                   * Eastern District of Arkansas.
Marvin Runyon, Postmaster General; *
Bonnie Eldridge; Greg Tolliver;    *
Oscar Wade; Bonnie Wilson; and     *
the United States of America,      *
                                   *
        Appellees.                 *


Submitted:  January 12, 1996

Filed:      February 9, 1996


Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and JONES,[*]
    District Judge.


MORRIS SHEPPARD ARNOLD, Circuit Judge.

      Linda and Isaiah Anthony appeal the order of the district
court substituting the United States for the defendants named in
their complaint and dismissing their case.  We affirm.

      [*]The HONORABLE JOHN B. JONES, United States District
    Judge for the District of South Dakota, sitting by
    designation.

## I.

Linda and Isaiah Anthony are employees of the United States Postal Service. The Anthonys sued Bonnie Wilson, Craig Tolliver, and Oscar Wade (all of them Postal Service supervisors), Bonnie Eldridge (the Postmaster for Little Rock, Arkansas), and Marvin Runyon (the United States Postmaster General) in Arkansas state court. The Anthonys claimed that Bonnie Wilson defamed them "during and in the course of her employment." (She allegedly told other postal employees that Mr. Anthony was a homosexual and that Mrs. Anthony had contracted AIDS through contact with him.) The Anthonys asserted that the other defendants were responsible for supervising Ms. Wilson.

Pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(2), the defendants filed a notice of removal in federal district court. They attached a Certification of Scope of Employment (in which the U.S. Attorney certified that all of the defendants were acting within the scope of their federal employment when the allegedly injurious conduct occurred) and the sworn declarations of all of the defendants except Mr. Runyon. Three days later, the defendants and the United States filed, in the federal court, a motion to substitute the United States for the named defendants and to dismiss the complaint (hereinafter "motion to substitute and dismiss").

Four days later still, the Anthonys filed an amended complaint in the state court. The new complaint deleted all of the defendants except Bonnie Wilson and dropped the allegation that Ms. Wilson defamed the Anthonys "during and in the course of her employment." The next day, the United States filed a notice of removal in the state court. The Anthonys then filed, in the federal court, a response to the motion to substitute and dismiss. In their response, the Anthonys asserted that Ms. Wilson's

defamatory remarks were not within the scope of her employment, and requested an evidentiary hearing on the scope-of-employment issue.

The district court ruled on the motion to substitute and dismiss without holding a hearing. In its order, the court refused to consider the Anthonys' amended state-court complaint because it was filed after the defendants filed the notice of removal in the federal court; the court also disregarded the new allegations in the Anthonys' response to the motion to substitute and dismiss. The court substituted the United States as party-defendant, finding that the defendants were acting within the scope of their employment when the alleged misconduct occurred. The court then dismissed the complaint for failure to state a claim because the United States is immune from defamation suits. 28 U.S.C. § 2680(h). On the same day that the order was docketed, the Anthonys submitted several affidavits to support their allegation that Ms. Wilson was not acting in the scope of her employment.

The Anthonys next filed a motion for reconsideration in the federal court. The court denied the motion.

## II.

In 1988, Congress amended the Federal Tort Claims Act ("FTCA") to reinforce federal employees' immunity from tort actions. These amendments -- commonly known as the Westfall Act because they were a response to Westfall v. Erwin, 484 U.S. 292, 300 (1988) -- provide that an action against the United States is the only remedy for injuries caused by federal employees acting within the scope of their employment. 28 U.S.C. § 2679(d)(1). The Westfall Act also establishes a process frequently called Westfall certification. After a federal employee is sued in a state court, the Attorney General reviews the case to determine if the employee was acting within the scope of his or her employment when he or she engaged in the allegedly harmful conduct. 28 U.S.C. § 2679(d)(2). The

-3-

Attorney General may then file a Certification of Scope of Employment, a document certifying that the employee was acting within the scope of his or her employment, and may remove the case to federal court. Id. The Attorney General then notifies the federal court that the United States should be substituted as party-defendant for the federal employee. Id.

Although Westfall certification acts as prima facie evidence that the defendants were acting within the scope of their employment, Brown v. Armstrong, 949 F.2d 1007, 1012 (8th Cir. 1991), it does not conclusively establish that the United States should be substituted as party-defendant. Gutierrez de Martinez v. Lamagno, 115 S. Ct. 2227, 2236 (1995); Brown, 949 F.2d at 1011-12. If the plaintiff challenges the certification, the district court must independently review the case and determine whether the defendant was in fact acting within the scope of his or her employment. Gutierrez de Martinez, 115 S. Ct. at 2236-37 (plurality opinion). If the court finds that the employee was acting outside the scope of his or her employment, the court must refuse to substitute the United States. Id. If the court agrees with the certification, then the case proceeds against the United States under the FTCA. 28 U.S.C. § 2679(d)(4).

**III.**

On appeal, the Anthonys argue that the district court erred by failing to consider the allegations contained in the amended state-court complaint and by failing to hold a hearing on the scope-of-employment issue. We discuss each of their arguments in turn.

**A.**

The Anthonys first argue that the district court erroneously refused to consider their amended state-court complaint. The court ignored the new complaint because it was filed after the defendants

filed a notice of removal in the federal court. The court reasoned that filing the notice of removal in the federal court effected the removal, and, therefore, that the "plaintiffs' attempt to amend their complaint in state court is without significance, and is not part of the record in this Court." The Anthonys contend, however, that the removal did not become effective until the defendants filed the notice of removal in the state court. Because the Anthonys filed their amended complaint the day before that notice of removal was filed, they argue that the district court was bound to consider it. We agree.

The Westfall Act does not set out the steps necessary to effect removal to federal court. The statute simply states that a state-court action against a federal employee acting in the scope of his or her employment "shall be removed ... at any time before trial by the Attorney General to the district court." 28 U.S.C. § 2679(d)(2). But the statute that sets forth general removal procedure, 28 U.S.C. § 1446, indicates quite specifically when removal is effected. The statute states that "[p]romptly after the filing of such notice of removal [in the federal court] ... the defendant ... shall file a copy of the notice with the clerk of [the] State court, <u>which</u> <u>shall</u> <u>effect</u> <u>the</u> <u>removal</u>." 28 U.S.C. § 1446(d) (emphasis added).

Despite the seeming clarity of this statute, courts have adopted three rules regarding when removal is effected. Most courts hold that removal is effected by filing a copy of the notice of removal in the state court. <u>See</u> 14A Charles A. Wright <u>et</u> <u>al.</u>, <u>Federal Practice and Procedure: Jurisdiction</u> 2d § 3737 at 550 (1985); <u>see</u> <u>also</u> <u>Usatorres v. Marina Mercante Nicaraguenses</u>, 768 F.2d 1285, 1286-87 (11th Cir. 1985) (<u>per</u> <u>curiam</u>). Some courts, including the United States District Court for the Eastern District of Arkansas, have held that removal is effected simply by filing the notice of removal in the federal court. <u>First Nat'l Bank v.</u>

<u>Johnson & Johnson</u>, 455 F. Supp. 361, 363 (E.D. Ark. 1978). (The district court evidently followed this rule.) Finally, a few courts have held that the state and federal courts have concurrent jurisdiction until the notice of removal is filed with the state court. <u>See</u> 14A Wright, <u>Federal Practice</u> § 3737 at 550-51. The Anthonys claim that we adopted this third approach in <u>Metro North State Bank v. Gaskin</u>, 34 F.3d 589 (8th Cir. 1994), but we disagree with their interpretation of that case. In <u>Metro North</u>, we quoted <u>Granny Goose Foods, Inc. v. Brotherhood of Teamsters</u>, 415 U.S. 423, 437 (1974), for the proposition that federal, rather than state, law governs the proceedings of a case after it has been removed. <u>Metro North</u>, 34 F.3d at 592. The case does not discuss when removal becomes effective.

Although we have never addressed this issue (perhaps we never had occasion to do so because the statute was clear to litigants), we think that the removal statute leaves little room for creative interpretation. The only rule that logically follows from 28 U.S.C. § 1446(d) is that removal is effected when the notice of removal is filed with the state court and at no other time. Therefore, the amended complaint was properly before the district court, and we find that the district court erred in refusing to consider it.

The defendants argue that 28 U.S.C. § 1446(d) should not apply to this case because it was removed pursuant to the Westfall Act. They point out that some parts of § 1446 conflict with the Westfall Act's removal procedure. For example, under § 1446(b), a notice of removal must be filed with the federal court no more than thirty days after the defendant receives the initial complaint, but under the Westfall Act a case against a federal employee may be removed "at any time before trial." 28 U.S.C. § 2679(d)(2); <u>see</u> <u>Green v. Hill</u>, 954 F.2d 694, 696 n.3 (11th Cir. 1992) (<u>per</u> <u>curiam</u>), noting that § 1446(b) does not apply to cases under the Westfall Act. We

disagree with the defendants, however, that it follows from this conflict that we should not apply the rule established in § 1446(d) to determine when removal is effected. Unlike § 1446(b), § 1446(d) does not conflict with any provision of the Westfall Act. Furthermore, contrary to the situation that the defendants posit, the Westfall Act does not speak to the issue at hand. We therefore hold that the rule set out in § 1446(d) determines when removal is effected under the Westfall Act.

Even if the Anthonys had filed their amended complaint after the case was effectively removed, we believe that the district court should have considered the new allegations contained in the response to the motion to substitute and dismiss. The court acknowledged that the plaintiffs, "in their response ... now allege that one employee made defamatory statements about plaintiffs, which were not made within the scope of employment." The court declined to consider these new allegations because the plaintiffs "have not asked to amend their complaint." But the court was on notice that the plaintiffs were opposing the motion, and was therefore not entitled to disregard the allegations in the response simply because they contradicted the Anthonys' earlier allegations or because they did not come in the form of an amended complaint.

**B.**

The Anthonys next contend that the district court erred by denying their request for an evidentiary hearing on the scope-of-employment issue. As we noted above, when a plaintiff challenges a Westfall certificate, the district court must determine independently whether the defendants were acting within the scope of their federal employment when the allegedly wrongful acts occurred. Gutierrez de Martinez, 115 S. Ct. at 2236-37 (plurality opinion); Brown, 949 F.2d at 1011-12. Although we have indicated that it may be necessary for the court to conduct an evidentiary hearing to resolve the scope-of-employment issue,

Brown, 949 F.2d at 1012, a hearing is not required in every case. Id.

In this case the district court apparently substituted the United States without a hearing because the Anthonys' initial state-court complaint indicated that the defendants were acting within the scope of their federal employment. The court noted that "the complaint as pending in this Court alleges that defendant Bonnie Wilson, while in the course of her employment ... made untrue and malicious statements concerning the plaintiffs." We have already held that the court should have considered the amended state-court complaint and the Anthonys' response to the motion to substitute and dismiss. The court, therefore, erred when it based the decision not to hold a hearing on the initial complaint alone.

We may affirm on any ground, however, and the government urges us to affirm, even if the court erred, because the Anthonys failed to rebut the presumption provided by the Westfall certificate that Ms. Wilson was acting in the scope of her employment. We agree. We have held that after defendants file a Westfall certificate and move to substitute the United States, plaintiffs have "the burden of coming forward with specific evidence in rebuttal." Brown, 949 F.2d at 1012; see also Forrest City Mach. Works, Inc. v. United States, 953 F.2d 1086, 1088 (8th Cir. 1992) ("the appellants have not come forward with any evidence contradicting the government's scope-of-employment certification"). Here, the Anthonys failed to submit any evidence indicating that the defendants were not acting within the scope of their employment; they instead "relied on their complaint." Brown, 949 F.2d at 1012.

Under different circumstances, we might be concerned that the Anthonys did not know how much time they had to submit the required evidence. We have held that courts may not decide motions based on material outside the pleadings unless both parties are on notice

that such material will be considered.  See, e.g., Angel v. Williams, 12 F.3d 786, 788-89 (8th Cir. 1993).  Here, however, we think that the Anthonys had adequate notice that they should have submitted evidence long before the district court ruled on the motion to substitute and dismiss.  The local rules direct parties to provide supporting factual material "[i]f a motion requires consideration of facts not appearing of record," Local R. C-7(c) (E.D. Ark.) (Brown clearly establishes that this was such a motion), and give parties opposing a motion eleven days to file this supporting material, Local R. C-7(b) (E.D. Ark.).

In this case, the government filed its motion to substitute and dismiss on April 21, 1995, but the Anthonys did not file their affidavits until May 30, 1995, well after the eleven-day deadline expired.  Because the Anthonys failed to offer any rebuttal evidence, the presumption established by the scope-of-employment certification carried the day for the defendants, and there was no reason for the court to conduct an evidentiary hearing on that issue.  The court therefore correctly decided that the case should proceed against the United States and should be dismissed because the United States has not waived sovereign immunity for defamation. 28 U.S.C. § 2680(h).

**IV.**

The Anthonys finally suggest that the district court abused its discretion by denying their motion for reconsideration in light of their affidavits.  Although the federal rules do not provide for such a motion, Fed. R. Civ. P. 59(a) and Fed. R. Civ. P. 60(b)(2) do give the district court the discretion to vacate a judgment or order and to reopen a case in certain limited circumstances, including when new evidence emerges.  We have held, however, that for a movant to succeed on the ground of newly discovered evidence, that evidence must be truly new, in the sense that it was previously unavailable; a motion for reconsideration should not be

used "as a vehicle to introduce new evidence that could have been adduced during pendency of the [previous] motion." Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988), cert. denied, 488 U.S. 820 (1988), quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (internal quotes omitted); see also Whitlock v. Midwest Acceptance Corp., 575 F.2d 652, 653 n.1 (8th Cir. 1978). Because the Anthonys do not allege that they could not have produced affidavits rebutting the presumption that the defendants were acting within the scope of their employment before the court decided the motion to substitute and dismiss, it was not an abuse of discretion to deny the motion for reconsideration.

**V.**

For the foregoing reasons, we affirm the decision of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-10-