954 F.2d 388
 58 Empl. Prac. Dec. P 41,274
 Angela WOODS, Plaintiff-Appellant,
v.
Phyllis McGUIRE; Dr. Gerald Jonsyn; Mary Hill; Harry
Bosley; Elizabeth Clifton; Charles Titsworth; Edward J.
Zipfel; Anthony M. Frank, Postmaster General; and United
States of America, Defendants-Appellees.
 No. 90-3773.
 United States Court of Appeals,
Sixth Circuit.
 Argued Nov. 14, 1991.
Decided Jan. 22, 1992.
 
 Ivan L. Tamarkin (argued & briefed), Katz, Greenberger & Norton, Cincinnati, Ohio, for plaintiff-appellant.
 Gerald L. Kaminski, Asst. U.S. Atty. (argued & briefed), Cincinnati, Ohio, for all other defendants-appellees.
 Walter David Bertsche, Jr., Cincinnati, Ohio, for Edward James Zipfel.
 Before KENNEDY and JONES, Circuit Judges, and PECK, Senior Circuit Judge.
 KENNEDY, Circuit Judge.
 
 
 1
 This action was brought by plaintiff, Angela Woods, against seven of her co-workers at the United States Postal Service. Plaintiff appeals the order of the District Court substituting the United States as the proper defendant in place of the individual Postal Service employees and granting summary judgment for the United States pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act"), 28 U.S.C. § 2679. For the following reasons, we AFFIRM.
 
 I.
 
 2
 Plaintiff, an employee of the Postal Service, brought this action against seven fellow Postal Service employees in Ohio state court. Plaintiff's complaint alleged negligence, intentional infliction of emotional distress, and retaliation for having filed grievances with the Equal Employment Opportunity Commission. Defendants Bosley, Clifton, Hill, Titsworth and McGuire occupied supervisory positions at the Post Office. Plaintiff claims that one or more of these defendants participated in the following acts: refused to assign plaintiff to a work area away from co-worker Edward Zipfel, who allegedly harassed plaintiff; refused to intervene to stop Zipfel from harassing plaintiff; removed plaintiff from a supervisory position she had held; scheduled a medical exam for her; and failed to follow post office policy with respect to processing letters to plaintiff. Plaintiff also claims that defendant Jonsyn, the Medical Officer for the Postal Service, made false allegations about plaintiff to plaintiff's treating psychologist.
 
 
 3
 The District Court granted the motions of six of the seven defendants, made pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(2), to substitute the United States as the proper defendant and to dismiss the tort claims against them. The District Court concluded as a matter of law that the six defendants were acting within the scope of their employment with the Postal Service and that all of their purported acts or omissions took place while they were performing their respective jobs at the Postal Service. The District Court held that the six defendants were entitled to immunity provided by the Westfall Act from common law tort claims and dismissed all claims against them. Claims against the remaining defendant, Zipfel, were remanded to state court.
 
 
 4
 The District Court also granted the United States' motion for summary judgment. The District Court concluded that plaintiff's sole remedy against the United States was provided under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8101 et seq. The court found that it was an undisputed fact that plaintiff had received $23,064.57 in medical benefits and $23,285.12 in gross compensation under FECA for the injuries that constituted the subject matter of this lawsuit. Plaintiff indefinitely will continue to receive compensation under FECA for her injuries. Because FECA was plaintiff's sole remedy, the District Court concluded that the claims against the United States as substituted defendant were without merit and granted summary judgment.
 
 II.
 
 5
 Section 5 of the Westfall Act provides that an action against the United States is the exclusive remedy for injuries arising from "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). When an employee has acted within the scope of employment, the Westfall Act further mandates that the United States shall be substituted as the party defendant in place of the government employee. 28 U.S.C. § 2679(d)(2). Plaintiff contends that defendants were not acting within the scope of their employment for the purposes of substituting the United States as the proper defendant because the defendants' conduct was intentional and egregious. Whether a person is acting within the scope of his employment for the purposes of the Westfall Act must be determined under the law of the state where the conduct occurred. Arbour v. Jenkins, 903 F.2d 416, 421-22 (6th Cir.1990).
 
 
 6
 Under Ohio law, employees, even though acting intentionally and maliciously, are within the scope of employment if acting in the course of employment and within their authority. Stranahan Bros. Catering Co. v. Coit, 55 Ohio St. 398, 45 N.E. 634 (1896). An employer is not liable for independent self-serving acts of an employee which in no way facilitate or promote the employer's business, Byrd v. Faber, 57 Ohio St.3d 56, 59, 565 N.E.2d 584 (1991), or for "an intentional and wilful attack committed by an agent or employee, to vent his own spleen or malevolence against the injured person." Schulman v. Cleveland, 30 Ohio St.2d 196, 198, 283 N.E.2d 175 (1972).
 
 
 7
 The District Court reviewed the defendants' allegedly tortious conduct and concluded that the defendants were acting within the scope of their employment at all material times. We find no error in this conclusion. We have reviewed the record, including Postal Service Position Descriptions for each defendant. We conclude that defendants did not exceed their authority and were acting within the discretion of their Postal Service positions at all times relevant to this lawsuit. Defendants' actions of which plaintiff complains arose out of defendants' duties with the Postal Service and were not for personal benefit. Defendants' motivation for their acts or failure to act are not relevant because defendants were acting within their authority and in the course of their employment. Accordingly, we find that the District Court did not err in substituting the United States as the proper party defendant pursuant to the Westfall Act.
 
 III.
 
 8
 Plaintiff argues that the District Court failed to afford her enough time to complete discovery on the issue of whether the defendants were acting within the scope of their employment when the purported tortious activity occurred. The scope of discovery is within the discretion of the district court's ruling unless an abuse of discretion is shown. Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, 1240 (6th Cir.1981), cert. denied, 454 U.S. 893, 102 S.Ct. 388, 70 L.Ed.2d 207 (1981).
 
 
 9
 On July 6, 1990, plaintiff's counsel requested additional discovery time so that plaintiff could depose the defendants regarding whether they had acted within the scope of their employment. Plaintiff had previously deposed two of the defendants. Plaintiff argued that the scope of employment issue came into controversy with this Court's decision in Arbour, 903 F.2d at 416, which held that the scope of employment certification of a United States Attorney for purposes of substitution under the Westfall Act is subject to judicial review. However, plaintiff had put at issue the question of whether the defendants were acting within the scope of their employment in 1988 when she opposed the removal of this action to federal court. Our decision in Arbour did not raise a novel issue.
 
 
 10
 The District Court denied plaintiff's request for more time in its July 27, 1990 order. The court stated:
 
 
 11
 Plaintiff contends that there remains a question of fact concerning whether the individual defendants were acting within the scope of their employment. She claims that discovery on this issue has not taken place. However, the Court notes that this case was filed in September, 1988, and the original discovery cut-off date was August 1, 1989. The trial date of October 9, 1989 was vacated on July 11, 1989 (Doc. no. 28). The trial was rescheduled for March 26, 1990 and the discovery cut-off was extended to February 1, 1990 (Doc. 33). The trial date was reset a second time to September 10, 1990 and the discovery cut-off was extended to July 15, 1990 (Doc. 50). Therefore, plaintiff has had ample opportunity to conduct discovery, including a two-month period following the Arbour decision.
 
 
 12
 We find no abuse of discretion in denying additional time for discovery.
 
 IV.
 
 13
 The Westfall Act provides an exception to a government employee's immunity from suit for an action brought for a violation of a federal statute under which a private action against an individual is authorized. 28 U.S.C. § 2679(b)(2)(B). This exception was included to ensure that the Westfall Act did not alter available relief for violations of federal statutes for which there is a private right of action. H.R.Rep. No. 700, 100th Cong., 2d Sess. at 7, reprinted in 1988 U.S.Code Cong. & Admin.News 5945, 5950-51. Plaintiff argues that her complaint alleged a claim for a violation of federal statutory law.
 
 
 14
 Plaintiff argues that defendants violated 18 U.S.C. § 285, which prohibits the taking of papers filed in relation to a claim against the government. Plaintiff alleges that defendant McGuire failed to process mail to and from the Labor Department. The failure to process mail is not the type of conduct prohibited by section 285.
 
 
 15
 Plaintiff also attempts to base her claim on 18 U.S.C. § 1703, which prohibits Postal Service employees from tampering with mail in their possession. However, federal courts uniformly have held that there is no private right of action under this statute. Schowengerdt v. General Dynamics Corp., 823 F.2d 1328, 1340 n. 20 (9th Cir.1987); Sciolino v. Marine Midland Bank-Western, 463 F.Supp. 128, 131-34 (W.D.N.Y.1979).
 
 
 16
 Plaintiff argues that the defendants violated the Postal Employees Labor Manual. The labor manual is not a federal statute, and thus could not be the basis for the section 2679(b)(2)(B) exception from the Westfall Act.
 
 
 17
 We therefore find that plaintiff did not allege a claim which came within the exception to the Westfall Act set forth at 28 U.S.C. § 2679(b)(2)(B).
 
 V.
 
 18
 Accordingly, we AFFIRM the District Court's order substituting the United States as the proper defendant, dismissing all claims against the six individual defendants, and granting summary judgment in favor of the United States.