992 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NORTH SHORE STRAPPING CO., INC., Plaintiff-Appellant,
v.
UNITED STATES of America; John J. Noeth; Robert P. Murphy;
Hatem H. El-Gabri; and Edward D. Murnane,
Defendants-Appellees.
 No. 92-3730.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1993.
 
 Before NORRIS and SILER, Circuit Judges, and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 North Shore Strapping Co., Inc., brought suit on several grounds, including the Federal Tort Claims Act (FTCA), alleging improper disclosure of confidential information by federal government employees. The company now appeals the district court's substitution of the United States as exclusive party-defendant and subsequent jurisdictional dismissal for failure to exhaust administrative remedies. For reasons stated herein, we AFFIRM the district court.
 
 BACKGROUND
 
 2
 In mid-1989, North Shore submitted bids to the General Services Administration on contractual items set aside for award to a small business. North Shore was the low bidder on several of the items. However, a rival firm, Independent Metal Strap Company, contested North Shore's status as a small business for purposes of the preference. To prove its qualification, North Shore submitted to the Small Business Administration (SBA) information relative to company size, including its supply sources, component costs, and labor figures. At some time during the administrative size determination, SBA employees allegedly disclosed some of the reported data to Independent Metal. Though North Shore ultimately was accepted as the contractor on most of the items upon which it had been low bidder, it filed this action, claiming that the disclosure of its proprietary information resulted or would result in loss of suppliers, loss of contracts, and future competitive disadvantage. In the complaint, which sounded principally in tort, North Shore named the United States (via the SBA) and four SBA employees as defendants. The four individuals are John J. Noeth and Hatem H. El-Gabri, who allegedly did the disclosing, and Robert P. Murphy and Edward D. Murnane, who occupied supervisory positions in the SBA.
 
 
 3
 Prior to trial, the defense moved to substitute the United States as exclusive party-defendant per 28 U.S.C. § 2679(d)(1). That section makes the United States the sole defendant in any civil action against a federal government employee based on incidents certified by the Attorney General to have occurred within the employee's scope of employment. Though North Shore objected, the court substituted the United States and dismissed the individual defendants. Then, given the fact that the United States had become the lone defendant, the defense moved to dismiss on jurisdictional grounds. According to the United States, North Shore had failed to file an administrative claim with the SBA prior to initiating suit and thus did not satisfy the FTCA's jurisdictional requirements for a tort action against the United States. The court agreed and dismissed North Shore's action. North Shore now appeals both the substitution and jurisdictional decisions.[1]
 
 DISCUSSION
 
 4
 (a) Substitution
 
 
 5
 As noted, 28 U.S.C. § 2679(d)(1) provides that the United States is to be substituted as party-defendant in any civil action against a federal government employee if the Attorney General certifies that the employee acted "within the scope of his office or employment at the time of the incident out of which the claim arose." Here, the Attorney General's designate[2] certified that the individual defendants named by North Shore acted within the scope of employment when the acts in question occurred. After entertaining written argument on the scope certification question, the district court substituted the United States as exclusive party-defendant and dismissed the named individuals.
 
 
 6
 Essentially, North Shore argues that the district court erred by treating the scope certification as conclusive. To North Shore, instead of reviewing de novo the certification merits, as it should have, the court merely accepted the certified view as dispositive. North Shore claims that the court either should have accepted the company's request for expanded discovery and a hearing on the scope certification or should have ruled that the employees had not acted within the scope of employment as a matter of law.
 
 
 7
 Though conceding that North Shore had a right to de novo review of the scope certification, the United States argues that North Shore received such review and thus has no right to complain about the district court's substitution decision. To the United States, North Shore bore the burden of proving the certification's error; when the company could present no evidence suggesting that the employees had not acted within the scope of employment, the district court simply rejected the challenge and accepted the certification's validity.
 
 
 8
 The United States also rejects North Shore's discovery and hearing claims. In the government's view, because North Shore wasted over six months in which it could have compiled evidence to present to the district court, the district court's refusal to order further discovery, reviewed under an abuse of discretion standard, was proper. Finally, noting that North Shore does not identify a source for its claimed hearing right, the United States maintains that a right to review, not a right to a review hearing, is all that North Shore possessed under the scope certification procedure.
 
 
 9
 As the United States concedes, scope certification is subject to review by the district court as a legal question governed by the law of the state in which the relevant actions by an employee occurred.[3] See Arbour v. Jenkins, 903 F.2d 416, 421-22 (6th Cir.1990) (interpreting statute as a whole and legislative history to require review). But see Johnson v. Carter, 983 F.2d 1316, 1319 (4th Cir.1993) (en banc) (disagreeing with majority of circuits and Department of Justice by treating certification as conclusive). Here, the language of the district court's substitution order suggests to some degree that the required review did not occur. The order grants substitution after noting that the government "apprised" the court of the certification and substitution of the United States as sole defendant. To a potentially misleading degree, the order implies that substitution depends solely on the government's wishes.[4] Despite this implication, the substitution was proper.
 
 
 10
 The United States correctly argues that the district court treated substitution perfunctorily because North Shore presented nothing to discredit the scope certification. In its trial pleading, North Shore had no evidence to discuss. Instead, it merely requested additional discovery and relied on unfounded and conclusory allegations to show that the employees had acted outside their employment authority. Regardless of whether or not North Shore bore the burden of proving the certification's invalidity,[5] the complete absence of evidence contrary to the certified position establishes the propriety of the district court's ruling. See also Brown v. Armstrong, 949 F.2d 1007, 1012 (8th Cir.1991) (rejecting attacks on scope certification based on mere allegations not supported by record evidence).
 
 
 11
 Further, it is clear that North Shore was not entitled to more discovery on the matter. The United States filed its substitution notice almost six months after North Shore initiated suit. North Shore does not explain or justify its failure to compile any evidence concerning the individual defendants during this period. The district court's refusal to grant discovery was not an abuse of discretion, the standard governing discovery management.[6] See Woods v. McGuire, 954 F.2d 388, 391 (6th Cir.1992); cf. Arbour, 903 F.2d at 421 (finding refusal to allow discovery to be error given the district court's treatment of scope certification as unreviewable).
 
 
 12
 * * *
 
 
 13
 (b) Jurisdiction
 
 
 14
 As noted previously, after substituting the United States as exclusive party-defendant, the district court dismissed North Shore's action for lack of subject matter jurisdiction. In the court's view, North Shore never presented an administrative claim based on the alleged wrongful disclosure, an FTCA jurisdictional requisite, thus preventing district court cognizance.
 
 
 15
 Though admitting the requirement of a previous administrative claim, North Shore argues that the notice its dealings with the SBA provided satisfied the FTCA's exhaustion requirements. Basically, North Shore maintains that if a government agency has sufficient notice of facts supporting a claim, including damages, jurisdiction exists despite a claimant's failure to file a technical administrative form or demand a "sum certain" in damages. Here, North Shore contends that the SBA had such notice because of its direct participation in the administrative size appeals relative to the government contract. Further, North Shore maintains that its failure to comply strictly with the FTCA's claim provisions did not prejudice the government, while dismissal of this lawsuit would seriously damage North Shore.
 
 
 16
 The United States counters by stressing that the FTCA contains an exhaustion requirement to allow administrative agencies the chance to investigate and resolve claims, thus avoiding formal litigation. As such, to satisfy the "claim" requirement, the Government argues that a party must: 1) give written notice of the claim sufficient to enable the agency to investigate, and 2) place a value on the claim. Here, to the United States, North Shore never communicated a claim to the SBA--rather, it merely participated in unrelated administrative procedures coordinated by the agency. Thus, though the agency may have been familiar with the evidence on which North Shore now relies, it did not understand such evidence in the context of a tort claim for specific monetary relief by North Shore. This being so, the United States argues that no administrative claim existed.
 
 
 17
 Prior presentation of an administrative claim is a jurisdictional prerequisite to a tort action against the United States. See 28 U.S.C. § 2675(a); Executive Jet Aviation, Inc. v. United States, 507 F.2d 508, 514 (6th Cir.1974) ("[A]s the Government points out, the administrative claim procedure prescribed in § 2675 is jurisdictional.") (footnote omitted). To comply, a claimant must provide an agency written notice sufficient to allow investigation. Further, a claimant must place a value on the claim presented. See Douglas v. United States, 658 F.2d 445, 447 (6th Cir.1981) (listing requirements). Here, North Shore did neither. Thus, the district court's jurisdictional ruling was correct.
 
 
 18
 The SBA, through its involvement in the North Shore size appeals, may have possessed institutional knowledge of the facts underlying this action. However, nothing indicates that the SBA understood North Shore to be in a claiming posture as a result of activities occurring during the administrative process. Without that, North Shore's notice argument surely fails. Additionally, and as the district court held, North Shore never communicated a claim value to the SBA. Thus, neither criterion for claim presentation existed. Per § 2675, the district court correctly dismissed North Shore's action for lack of subject matter jurisdiction.[7]
 
 
 19
 * * *
 
 
 20
 Because nothing indicates error by the district court, its decision dismissing this action is AFFIRMED.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 In its complaint, North Shore alleged jurisdiction and asserted claims under the FTCA, the Freedom of Information Act, the Small Business Act, and 28 U.S.C. § 1331 (federal question jurisdiction). On appeal, North Shore presents arguments based only on the FTCA, thus abandoning any chance for recovery under the other statutes. Such a posture presents something of an incongruity. If North Shore is attempting to recover against the United States based solely on the FTCA, then its argument against substitution is self-defeating. After all, the core of respondeat superior is employer liability for employee actions occurring within the scope of employment. If, as North Shore claims, the employees' actions were outside the scope of employment, the United States would not be liable under the FTCA, dependent as it is on state law principles of recovery. See 28 U.S.C. §§ 1346(b), 2674
 
 
 [2]
 United States Attorneys may issue scope certifications per 28 C.F.R. § 15.3
 
 
 [3]
 This is so despite seemingly contrary language in the substitution statute, which provides:
 Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action ... shall be deemed an action against the United States ... and the United States shall be substituted as the party defendant.
 28 U.S.C. § 2679(d)(1).
 
 
 [4]
 Notably, in a subsequent memorandum dismissing North Shore's lawsuit, a contrary implication appears. There, in discussing the substitution issue, the district court reflected:
 The Court found that the exclusive remedy for these claims was an action against the United States. The United States therefore was substituted as the sole defendant on those claims.
 JA 20. A "finding" by the court indicates engagement in review.
 
 
 [5]
 North Shore accepted this burden, which other courts have assigned to the party challenging certification. See Hamrick v. Franklin, 931 F.2d 1209, 1211 (7th Cir.) ("In this review, [the party challenging certification] ha[s] the burden of showing that the defendants' conduct was not within the scope of employment."), cert. denied, 112 S.Ct. 200 (1991); S.J. & W. Ranch, Inc. v. Lehtinen, 913 F.2d 1538, 1543 (11th Cir.1990) ("The burden of altering the status quo by proving that the employee acted outside the scope of employment is, therefore, on the plaintiff."), amended, 924 F.2d 1555 (11th Cir.), cert denied, 112 S.Ct. 62 (1991). The Sixth Circuit apparently has not resolved the issue explicitly
 
 
 [6]
 The record does not show a request by North Shore for a hearing at trial. In any event, neither the certification statute or the cases interpreting it have imposed a hearing requirement as a mandatory part of certification review
 
 
 [7]
 North Shore's reliance on Blue v. United States, 567 F.Supp. 394 (D.Conn.1983), is misplaced. Though Blue liberally interpreted the § 2675 exhaustion requirements, it held that at a minimum the statute requires "written notice of the circumstances of the underlying incident to enable it [the agency] to investigate the claim and respond by settlement or defense." Id. at 397 (citations omitted). Because North Shore never informed the SBA that there existed an adversarial situation requiring it to "respond by settlement or defense," even the permissive approach of Blue would not aid the company