89 F.3d 833
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norman A. HARRIS; Glenda H. Harris, his wife, Plaintiffs-Appellants,
v.
William WALKER, U.S.D.A., F.S.I.S., Don Delozier, U.S.D.A.,
F.S.I.S.; Earl Moody, U.S.D.A., F.S.I.S., Meat and Poultry
Inspection Operations, Regional Office; Richard Bolding,
U.S.D.A., F.S.I.S., Southeastern Regional Office; E.T.
Leonard, U.S.D.A., F.S.I.S., Personnel Division, P.O.B.,
Defendants-Appellees.
 No. 94-6603.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1996.
 
 Before: NORRIS, SILER and GODBOLD[1], Circuit Judges.
 PER CURIAM:
 
 
 1
 Norman Harris was employed by the Food Safety Inspection Service of the U.S. Department of Agriculture ("FSIS"). He and his spouse have brought this diversity action against employees of the Inspection Service. The district court granted summary judgment for the defendants on the ground that there could be no civil action against them because they were government employees, plaintiffs' only remedy being an action against the United States under the Federal Tort Claims Act. 28 U.S.C. § 2679. We affirm.
 
 
 2
 Harris was assigned to work as a food inspector at a food plant located in Kentucky. The plant had to reimburse the government for his work time. Following a complaint from the plant operator the FSIS authorized an investigation of Harris's comings and goings to and from work and his attendance at work. Defendants Walker, Bolding, Delozier, and Moody were directed to conduct an investigation, including surveillance. Defendant Leonard was the Personnel Officer for the FSIS and the deciding official in the decision that was made to terminate Harris's employment.
 
 
 3
 From a building across the street the investigators surveilled Harris's arrivals and departures to and from the plant, for a period of a week. They made a report. As a consequence of the investigation Harris was terminated for padding his work time. He was reinstated by the Merit System Protection Board, then terminated a second time some months later for an unrelated offense.
 
 
 4
 Harris asserts that defendants Walker, Moody and Delozier testified falsely at the Merit Board hearing. He says that defendant Leonard directed others in the agency to alter records that were to be used in considering whether Harris would be terminated. And he alleges that there was a conspiracy among the defendants to discredit him. His most vigorously asserted charge is that the investigators excluded from their reports a diary or a log of his comings and goings and attendance kept by an employee (or employees) at the plant where he was assigned.
 
 
 5
 In a separate action Harris sued the United States under the Federal Tort Claims Act. That case is still pending.
 
 
 6
 On behalf of the Attorney General the United States Attorney filed in this case a motion to dismiss, and a certificate as provided by 28 U.S.C. § 2679(d), stating that all defendants were acting within the scope of their employment and therefore no action could be maintained against them and that the action must be deemed to be against the United States. The district court considered depositions and extensive other material outside the pleadings and treated the motion as a motion for summary judgment.
 
 
 7
 Under 28 U.S.C. § 1346(b) jurisdiction over civil actions against the government for the acts or omissions of its employees is dependent upon whether the particular employee acted within the scope of his employment. Section 2679(d)(2) provides that the certification by the Attorney General shall conclusively establish the scope of employment for purposes of determining whether suit can be maintained against only the United States. The Sixth Circuit holds, however, that the Attorney General's certificate is entitled to judicial review. Arbour v. Jenkins, 903 F.2d 416 (6th Cir.1990). The district court has given that review.
 
 
 8
 The parties agree that whether a person is acting within the scope of his employment for purposes of § 2679 must be determined by the law of the state where the conduct occurred. 28 U.S.C. § 1396(b); Arbour; Flechsig v. U.S., 991 F.2d 300 (6th Cir.1993); Woods v. McGuire, 954 F.2d 388, 390 (6th Cir.1992).
 
 
 9
 The investigators were charged with observing and reporting on Harris's comings and goings, and to take statements and report to the agency. In their role as investigators for the Department they were required to testify to the Merit System Protection Board. All of these things they did. Defendant Leonard was expected to decide what to do regarding Harris's employment, and in this connection to consider the investigators' reports filed with him. These things he did.
 
 
 10
 Harris's charges are directed at elements of the investigation that were directed by the agency and carried out by its employees. George Wicker was one of the investigators but he was not sued. He explained that he saw the log, or diary, kept by plant employee[s], observed some discrepancies between it and the report of the investigation, and discussed the contents of the log with plant personnel. They admitted that times given in the log were hearsay information, some of it third-person hearsay. Wicker considered that the information was not reliable, and it had not been taken under control and was not sworn to. Utilizing the log, in his view, would not be fair to Harris.
 
 
 11
 The district court did not err in its conclusion that all defendants were acting within the scope of their employment. In Fournier v. Churchill Downs-Latonia, 166 S.W.2d 38 (Ky.1942), National Guard troops were employed as private guards to keep order and prevent rioting at Churchill Downs on Derby Day. One of them struck plaintiff with a riot club. The court, relying on I Restatement of Agency, § 228, p. 505, held that the employer was liable because the act the guard committed was the kind of act he was employed to perform, committed at the time and place he was authorized to act, and actuated by a purpose to serve the track. In Dennert v. Dee, 215 S.W.2d 575, 577 (Ky.1948), proprietors of a saloon were held liable for an assault and battery committed upon a patron by the bouncer. See also, Frederick v. Collins, 378 S.W.2d 617 (Ky.1964), where an employee of a grocery store was instructed never to resist a holdup, but when he heard, from behind, the words "Stick'em up: this is a holdup," he turned and fired. The court, relying on Prosser on Torts, 2d ed., p. 354, observed that "even intentional torts may be so reasonably connected with the employment as to fall within the scope of it," and upon the Restatement of Agency Second, § 245, that a master may be liable even for intended tortious harm by a servant done in connection with the servant's employment, although the act was unauthorized, if the act was not unexpectable in view of the duties of the servant. In Warfield Natural Gas Co. v. Ward, 72 S.W.2d 464, 465 (Ky.1934), the court noted that it is sufficient to make the master responsible that he made it his duty to act in respect to the business in which the servant was engaged when the wrong was committed, and that the act complained of was done in the course of his employment, and that the master will not be excused from liability on the ground that the servant, in carrying on the work, abused his authority or adopted a method that proved harmful to others.
 
 
 12
 The district court correctly applied the Kentucky law.
 
 
 13
 Plaintiffs' separate claim of alleged tortious interference with his contract rights is wholly without merit. The government employee is exempted from an interference with contract claim even if the Federal Tort Claims Act does not provide relief. Henson v. Nassa, 14 F.3d 1143, 1147 (6th Cir.1994).
 
 
 14
 It was appropriate for the district court to dismiss this case rather than to remand it to permit substitution of the United States as defendant, since plaintiff has a separate suit pending against the United States.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 The Honorable John C. Godbold, United States Circuit Judge for the Eleventh Circuit, sitting by designation